## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENDA SUE WOOTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-139-R |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

### **O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered February 15, 2013 [Doc. No. 18] and Plaintiff's objection to the Report and Recommendation filed March 8, 2013 [Doc. No. 19]. Plaintiff objects to the Magistrate Judge's treatment of the ALJ's evaluation of Plaintiff's credibility because, she asserts, the ALJ did not consider the opinions of a nurse practitioner, Ms. Schreckengost, in evaluating Plaintiff's claim of disabling pain. Secondly, Plaintiff objects to the ALJ's alleged failure at step four to make "specific findings as to the physical and mental limitations of" Plaintiff's past relevant work, Objection at p. 4, as mandated by *Winfrey v. Chater*, 92 F.3d 1017, 1023-25 (10th Cir. 1996).

The Magistrate Judge carefully and thoroughly addressed the ALJ's credibility findings and Plaintiff's argument that the ALJ failed to accord any weight to the nurse practitioner's opinions in assessing Plaintiff's credibility. *See* Report and Recommendation at pp. 9-13 & specifically pp. 10-11. Because the ALJ fully discussed the nurse practitioner's

opinions in her summary of the objective medical evidence, and considered all of the evidence, including objective medical evidence, in making her credibility determination, and other undisputed findings of the ALJ undercut the nurse practitioner's opinions, *see* Report and Recommendation at pp. 10-11, the ALJ did not fail to consider the nurse practitioner's opinions. As the Magistrate Judge correctly observed "[t]he fact the ALJ did not specifically repeat the substance of the nurse practitioner's beliefs does not impermissibly undercut those findings regarding Plaintiff's complaints of disabling pain." *Id.* at p. 11. Likewise, the ALJ properly considered the dosage, effectiveness, and side effects of medication Plaintiff took and the Plaintiff's daily activities in determining whether Plaintiff's pain was in fact disabling. *See, e.g., Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012). The ALJ's analysis of Plaintiff's claim of disabling pain is not flawed by her consideration of what medications Plaintiff takes and her mention of the fact that Plaintiff "has not taken any narcotic based pain relieving medication . . . ." Tr. at p. 35. The ALJ had already noted that Plaintiff had testified that she takes ibuprofen because she dislikes the way prescribed pain medications make her feel. Tr. at p. 34.

Plaintiff's objection to the ALJ's step four analysis is without merit. The ALJ determined in the first phase of the step four analysis that Plaintiff had the residual functional capacity (RFC) to perform light work restricted, however, by her inability to climb ropes, ladders or scaffolds, her inability to balance on more than an infrequent basis, her inability to climb ramps and or stairs and her inability to stoop, kneel, crouch and crawl on any more than an occasional basis Tr. at 33. The ALJ then made findings, based upon the testimony

of the vocational expert, as to the physical and mental demands of Plaintiff's past relevant work. Tr. at 36. Finally, based upon the testimony of the VE in response to a hypothetical by the ALJ incorporating Plaintiff's residual functional capacity (ability to perform light work limited as indicated hereinabove), the ALJ found that Plaintiff could perform her past relevant work as a receptionist, office manager, secretary, bank/teller, motel manager and ticket seller as she had performed such jobs and as those jobs are generally performed in the national economy. *Id.* at p. 10. Plaintiff's argument that the ALJ "made no inquiry into, or any findings specifying the demands of Plaintiff's past relevant work," *Winfrey v. Chater*, 92 F.3d at 1024, is without merit.

In accordance with the Report and Recommendation of the Magistrate Judge is ADOPTED and the decision of Defendant Commissioner of the Social Security Administration is AFFIRMED.

IT IS SO ORDERED this 12th day of March, 2013.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE